UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE RIVERA,<br><br>                    Petitioner,<br><br>          vs.<br><br>BRIAN FISCHER,[1] Commissioner, New York Department of Correctional Services,<br><br>                    Respondent. | No. 9:06-cv-00974-JKS<br><br>MEMORANDUM DECISION |

Petitioner Jose Rivera, a state prisoner appearing *pro se*, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] Petitioner is currently in the custody of the New York State Department of Correctional Services incarcerated at the Eastern New York Correctional Facility.

## I.  BACKGROUND/PRIOR PROCEEDINGS

In1993, Rivera was sentenced to five concurrent, indeterminate prison terms, ranging from eight and one-half to seventeen years, for his convictions on four counts of second-degree burglary and one count of attempted second-degree burglary.  After he was released on parole in 2001, he committed additional crimes for which he was convicted, after pleading guilty, and sentenced on November 8, 2002, on two counts of attempted second-degree burglary and one count of fifth-degree criminal sale of a controlled substance.  Rivera was adjudicated as a second felony offender for the fifth-degree criminal sale of a controlled substance conviction, under N. Y. Penal Law § 70.06, for which he was sentenced to a two and one-half to five-year prison term, and as a persistent violent felony offender for the two attempted second-degree burglary

---

[1] Brian Fischer substituted for Glen S. Goord as Commissioner, New York Department of Correctional Services.  Fed. R. Civ. P. 17(d).

[2] Although Petitioner denominated his petition as one for Mandamus under the all writs statute, 28 U.S.C. § 1651, because it deals with the terms or conditions of a state court imprisonment, the Court treats it as a petition under § 2254.  *See Finkelstein v. Spitzer*, 455 F.3d 131, 133–34 (2d Cir. 2006).

convictions, under Penal Law § 70.08, for which Rivera was concurrently sentenced to an aggregate term of twelve years to life in prison. Both the sentencing judge and the commitment order were silent as to whether petitioner's 2002 sentences would run consecutively or concurrently to his unexpired 1993 sentences. Rivera's conviction was affirmed by the Appellate Division, First Department, on April 22, 2004. *People v. Rivera*, 774 N.Y.S.2d 710 (N.Y.A.D. 2004). Rivera did not seek leave to appeal from the New York Court of Appeals, and his conviction became final 30 days later when his time to seek leave to appeal to the New York Court of Appeals expired, May 22, 2004.

Upon his commitment to serve the sentences imposed for his 2002 conviction in December 2002, the New York Department of Correctional Services (DOCS) determined that his 2002 sentences would be served consecutive to the undischarged portion of his 1993 sentences. After exhausting his administrative appeals through DOCS, on November 3, 2004, Rivera filed a petition under Article 78 of the N.Y. Criminal Civil Practice Rules in the Dutchess County Supreme Court, which denied his petition on January 20, 2005. Upon appeal, the Appellate Division, Second Department, affirmed the decision of the Dutchess County Supreme Court on December 19, 2005, and the New York Court of Appeals denied leave to appeal on March 28, 2006. *Rivera v. Goord*, 808 N.Y.S.2d 315 (N.Y.A.D. 2005), *lv. denied*, 846 N.E.2d 477 (N.Y. 2006) (Table). Rivera filed his petition in this Court on August 7, 2006.

## II.  STANDARD OF REVIEW

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or  "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard). In applying this standard, this Court reviews the last reasoned decision by the state court, *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000), which in this case was that of the Appellate Division affirming

denial of Rivera's Article 78 petition. In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

To the extent that Petitioner alleges errors of state law, they are beyond the purview of this Court in deciding a petition for federal habeas corpus relief. This Court may only address violations of federal law. 28 U.S.C. § 2254(d); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") (citations and internal quotation marks omitted). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). It is also presumed that the state court knew and correctly applied state law. *See Walton v. Arizona,* 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

Finally, in a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state-court criminal trial is whether the error had a substantial and injurious effect or influence in determining the jury's verdict. *Fry v. Piler*, 551 U.S. ___, ___, 127 S.Ct. 2321, 2328 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

### III. GROUNDS RAISED/DEFENSES

Rivera raises a single ground: DOCS erred in determining that his 1993 and 2002 sentences ran consecutively, not concurrently, and he should be given credit for the time served on his 1993 sentence. Respondent argues that the petition should be dismissed as untimely, failure to properly exhaust his claim in the state courts, and is procedurally barred from returning to the state courts, and, in any event, Rivera does not present any issue cognizable by this Court on a federal habeas petition.

### IV. DISCUSSION

A. **Timeliness**.

A person in custody pursuant to a judgment of a State court has one year from the date his conviction became final to seek federal habeas relief. 29 U.S.C. § 2241(d)(1). As noted

above, Rivera's conviction became final May 22, 2004, and, unless tolled, his time to file a petition in this Court expired May 22, 2005. On November 3, 2004, Rivera initiated his proceedings for post-conviction relief in the New York courts, which proceedings were terminated March 28, 2006. The time Rivera's post-conviction proceedings were pending before the New York courts tolled the limitation period. 28 U.S.C. § 2244(d)(2). At the time Rivera filed his Article 78 petition in the Dutchess County Supreme Court, 164 days had lapsed, leaving Rivera 201 days to file his petition in this Court. Rivera filed his petition on August 7, 2006, 71 days after the his post-conviction proceedings in the New York courts were no longer pending. The petition is timely.

B. **Merits**.

In affirming the denial of Rivera's Article 78 petition by the Dutchess County Supreme Court, the Appellate Division held:

> In 1993 the petitioner was sentenced to five indeterminate prison terms for various burglary-related crimes. In 2001 the petitioner was paroled. In 2002 the petitioner was convicted of two counts of attempted burglary in the second degree and one count of criminal sale of a controlled substance in the fifth degree. For the attempted burglary convictions, the petitioner was adjudicated a persistent violent felony offender and was sentenced to 12 years to life imprisonment. For the crime of criminal sale of a controlled substance in the fifth degree, the petitioner was sentenced to 2 1/2 to 5 years imprisonment and was adjudicated a second felony offender. The sentencing court did not address whether these sentences would run concurrently or consecutively to the unexpired portion of the 1993 sentences.
>
> Contrary to the petitioner's contention, his status as a second felony offender and a persistent violent felon required that the sentences imposed in 2002 run consecutively to the undischarged sentence on the petitioner's prior convictions, despite the sentencing court's silence on the issue (*see* Penal Law § 70.25[2-a]; *Matter of Madison v. Goord,* 274 A.D.2d 483, 484, 711 N.Y.S.2d 432; *People v. Castagna,* 18 A.D.3d 475, 794 N.Y.S.2d 426; *People v. Reels,* 17 A.D.3d 488, 795 N.Y.S.2d 241; *People v. Fucci,* 16 A.D.3d 597, 790 N.Y.S.2d 891, *lv. denied* 5 N.Y.3d 788, 801 N.Y.S.2d 809, 835 N.E.2d 669; *Matter of Rolon v. Senkowski,* 160 A.D.2d 1072, 553 N.Y.S.2d 551). Inasmuch as "the [sentencing court] had no discretionary authority to rule otherwise," there was no need for the court to specifically state that the 2002 sentences were to run consecutively to the 1993 sentences (*Matter of Madison v. Goord, supra* at 484, 711 N.Y.S.2d 432). Accordingly, the Supreme Court properly dismissed the petition challenging the respondent's determination.

Rivera argues that the New York courts misinterpreted New York law, an issue that is, as noted above, beyond the purview of this Court in a federal habeas proceeding. Rivera raises no issues of constitutional law. The only potential constitutional issue is an Eighth Amendment "cruel and unusual punishment" violation.[3] The Eighth Amendment prohibits sentences that are grossly disproportionate to the crime, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences will be exceedingly rare." *Solem v. Helm,* 463 U.S. 277, 289-90 (1983) (internal alterations and emphasis omitted). Balanced against the proportionality principle is the corollary principle that the determination of prison sentences is a legislative prerogative not within the province of the courts. *Rummel v. Estelle*, 445 U.S. 263, 275–76 (1980). The Supreme Court has upheld state recidivism statutes against constitutional challenges. *See, e.g., Ewing v. California*, 538 U.S. 11 (2003) (upholding California's "three-strikes" law).

The Court cannot say that in this case the sentence imposed was grossly disproportional and, therefore, that the decision of the Appellate Division was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Nor can this Court find that the state court unreasonably applied the correct legal principle to the facts of the Petitioner's case within the scope of *Lockyer–Williams*; *i.e*., the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable.[4]

---

[3] The Court has considered the Supreme Court decisions cited by Rivera in his traverse and finds them inapposite to this case. *United States v. Borden Co.*, 308 U.S. 188 (1939); *Kremer v. Chemical Const. Corp.*, 456 U.S. 461 (1982); *St. Martin Evangelical Lutheran Church v. South Dakota,* 451 U.S. 772 (1981); *Cannon v. University of Chicago*, 441 U.S. 677 (1970); *Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936). Each of these cases involved the application of the canons of statutory construction to the particular federal statute before the court. Canons of statutory construction are merely guidelines to observe in search of a construction that reflects legislative intent. *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 164 (1976).

[4] Although Respondent contends that Rivera has not properly exhausted his state court remedies, the Court need not reach that issue as it may deny the petition on the merits notwithstanding the failure to exhaust. 28 U.S.C. § 2254(b)(2).

MEMORANDUM DECISION
*Rivera v. Fischer*, 9:06-cv-00974-JKS           5

## V.  CONCLUSION AND ORDER

Petitioner is not entitled to relief on the ground raised in his petition.

**IT IS THEREFORE ORDERED THAT** the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks omitted).  To the extent the issues raised in the petition were addressed by the Appellate Division, Second Department, in its decision, no reasonable jurist could find that the decision was "objectively unreasonable." Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.  *See* Fed. R. App. P. 22(b); Second Circuit R. 22.

The Clerk of the Court to enter final judgment accordingly.

Dated: July 22, 2008.

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge
